UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY MINOR, et al., | No. 2:25-cv-02592-TLN-CKD (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JESSIE FLORES, et al., | |
| Defendant. | |

On October 29, 2025, Defendants Jessie Flores and Amanda Martinez filed a motion to dismiss Plaintiff Angela and Zachary Minor's Complaint with a hearing noticed for December 3, 2025. (ECF No. 6.) Because Plaintiffs proceed without counsel, this matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. On November 25, 2025, the Court vacated the December 3, 2025, hearing and submitted the motion on the record and briefs on file pursuant to Local Rule 230(g).

On April 8, 2026, the Court issued a minute order to show cause as to why the case should not be stayed pending the ongoing criminal action. (ECF No. 13.) Plaintiffs responded on April 16, 2026, and Defendants responded on April 22, 2026, to the Court's order. (ECF Nos. 14, 15.) For the foregoing reasons, the Court recommends the Second Amended Complaint be recognized as the operative Complaint, that Defendants' motion to dismiss be DENIED without prejudice, and that this action be STAYED pending the ongoing criminal action in *People v. Minor*, Sonoma

1

County Superior Court Case No. SCR-765374-1.

## I.    Background

Plaintiffs initiated this action on September 10, 2025. (ECF No. 1.) Plaintiffs amended the Complaint twice, filing a Second Amended Complaint ("SAC") on October 15, 2025.[1] (ECF No. 5.)  The SAC arises out of harm Plaintiffs allegedly suffered in connection with criminal offenses charged against Plaintiff Zachary Minor in state court. *Id*. Plaintiffs bring several causes of action against Defendants Jessie Flores and Amanda Martinez. *Id*. These include a violation of civil rights under 42 U.S.C. § 1983, a failure to preserve exculpatory evidence in violation of *Brady v. Maryland,* a violation of Procedural Due Process under the Fourteenth Amendment against Defendant Amanda Martinez, allegations of false statements made by Defendant Martinez, conspiracy to violate civil rights, and unlawful search and seizure based on an allegedly fabricated affidavit. SAC at ¶¶ 72-121.

## II.    Procedural Posture

Plaintiffs initiated this action against Defendants Jessie Flores and Amanda Martinez on September 10, 2025. (ECF No. 1.) Plaintiffs filed a First Amended Complaint ("FAC") on October 6, 2025, and later a SAC. (ECF No. 4.) On October 29, 2025, Defendants Jessie Flores and Amanda Martinez filed a motion to dismiss the SAC with a hearing noticed for December 3, 2025. (ECF No. 6.) Plaintiffs filed an opposition on November 18, 2025. (ECF No. 8.) Plaintiffs later filed a notice of subsequent development as well as a notice of errata on November 20, 2025. (ECF No. 9, 10.) Defendants replied on November 25, 2025. (ECF No. 11.) Also on November 25, 2025, the undersigned issued a minute order vacating the December 3, 2025,  hearing pursuant to Local Rule 230(g). (ECF No. 12.)

On April 8, 2026, the undersigned issued a minute order to show cause as to why the case should not be stayed pending the ongoing criminal action in *People v. Minor*, Case No. SCR-765374-1, per *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 13.) Plaintiffs responded to the

---

[1] Plaintiffs erred in not requesting the Court's leave for each of their amended pleadings. *See* Fed. R. Civ. P. 15. However, the Court recognizes pursuant to Federal Rule of Civil Procedure 15 the SAC to be the operative complaint.

minute order on April 16, 2026. (ECF No. 14.) Defendants responded to the minute order on April 22, 2026. (ECF No. 15.)

### III.    Discussion

Defendants have filed a motion to dismiss the SAC, arguing that Plaintiffs lack standing because they do not have a redressable injury, that Plaintiffs' claims fail under Federal Rule of Civil Procedure 12(b)(6), that Plaintiffs' claims are barred by the *Heck* Doctrine, and that the Court should at least stay the case under *Younger v. Harris*. (ECF No. 6.) As the Court will be staying the action under *Younger*, it need not address Defendants' other arguments and will dismiss Defendants' motion without prejudice.

Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief except under extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-54. *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County Ethic Comm. v. Garden State Bar Ass'n.,* 457 U.S. 423, 432 (1982).

Here, there is a criminal action pending in Sonoma County Superior Court and Plaintiffs' allegations appear to arise from conduct connected to these proceedings. *See Beltran v. California*, 871 F.2d 777, 781 (9th Cir. 1988). The second prong of *Younger* is met because an important state interest is implicated by criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third prong of *Younger* is also satisfied because state criminal proceedings generally provide an opportunity for constitutional questions to be presented by their nature. Federal courts assume state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987); *see also Duke v. Gastelo*, 64 F. 4th 1088, 1096 (9th Cir. 2023) ("Properly framed, the third requirement for *Younger* abstention asks whether there remains an opportunity to litigate the federal claim in a state-court proceeding at the time the federal court is considering whether to abstain.")

Plaintiffs' response to the Order to Show Cause does not indicate extraordinary

circumstances warranting federal intervention. *See Middlesex County Ethics Comm'n*, 457 U.S. at 435; *Brown v. Ahern*, 676 F.3d 899, 900-901 (9th Cir. 2012). Accordingly, the Court must abstain from this matter.

**IV.    Conclusion**

For the reasons set forth above IT IS RECOMMENDED that

1. Plaintiffs' Second Amended Complaint (ECF No. 5) be recognized as the operative Complaint;

2. Defendants' motion to dismiss (ECF No. 6) is DENIED without prejudice;

3. This matter be STAYED pending the resolution of *People v. Minor*, Sonoma County Superior Court Case No. SCR-765374-1;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 4, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE